[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2010
JOHN LEY
ACTING CLERK

No. 09-11774
Non-Argument Calendar

————————————————

Agency No. A077-922-409

HUGO POLYCARPE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(January 12, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Hugo Polycarpe, a native and citizen of Haiti, petitions for review of the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c). The immigration judge found that Polycarpe failed to prove that he suffered past persecution on account of a protected ground or a probability of future persecution or torture if he returns to Haiti, and the Board of Immigration Appeals affirmed that decision without opinion. We deny the petition.

Substantial evidence supports the finding that Polycarpe did not suffer past persecution on account of his political opinion. After Polycarpe and 300 members of his village stole building supplies from government trucks, the government issued a warrant for his arrest. Prosecution for a crime does not constitute persecution unless the prosecution is based on a protected ground and the punishment is sufficiently extreme to constitute persecution. Scheerer v. U.S. Att'y Gen., 445 F.3d 1311, 1315–16 (11th Cir. 2006). Prosecution is not a disproportionate punishment for theft.

Substantial evidence also supports the finding that Polycarpe would not be singled out for mistreatment on account of his political beliefs if he returned to Haiti. See 8 C.F.R. § 208.16(b)(1); Sepulveda v. U.S. Att'y Gen ., 401 F.3d 1226,

2

1231 (11th Cir. 2005).  Polycarpe argues that members of Lavalas "came shooting and looking" for him and the government cannot protect him from mob violence, but Polycarpe evaded arrest with the assistance of a friend who was a member of Lavalas.  Polycarpe's concerns about widespread lawlessness do not establish a fear of persecution on account of protected ground.  Polycarpe's wife and children have relocated within Haiti without incident.  See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

We **DENY** Polycarpe's petition for review.

**PETITION DENIED**.